FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D N.Y

★  APR 13 2012  ★

LONG ISLAND OFFICE

TAM:JHK
F.#2012V00677

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -X

MICHAEL CATANIA,

           Plaintiff,

     - against -

UNITED STATES OF AMERICA,

           Defendant.

- - - - - - - - - - - - - - - -X

**CV 12 1840**

NOTICE OF REMOVAL

Civil Action No.
12 CV

SPATT, J., J.)
LINDSAY, M., M.J.)

To:  THE HONORABLE JUDGES OF THE UNITED STATES DISTRICTS COURT
     FOR EASTERN DISTRICT OF NEW YORK:

Petitioner, United States of America, by and through

its attorney, LORETTA E. LYNCH, United States Attorney for the

Eastern District of New York, James H. Knapp, Assistant United

States Attorney, of counsel, respectfully states the following

facts upon information and belief:

    1.  On or about February 7, 2012, Plaintiff commenced an

action, now pending, in the Supreme Court of the State of New

York, County of Suffolk, under the caption "Michael Catania v.

Norma Herbst, Index No. 03959/2012."

    2.  According to the verified complaint, Plaintiff, a

supervisory-level United States Postal Service ("USPS") employee

assigned to the Hicksville, New York, Vehicle Maintenance

Facility ("VMF") seeks damages arising out of alleged defamatory

statements made by Defendant Norma Herbst ("Herbst"), a USPS VMF

-2-

clerk, to USPS management concerning Plaintiff's work habits and the manner in which Plaintiff supervises VMF employees assigned to his tour of duty.   Herbst is the only defendant in the state court action.

3.    Herbst was acting within the scope of her employment at the time of the incident complained of in the verified complaint, thus, the United States of America should be substituted as the party-Defendant in Herbst's place.   <u>See</u> Certification pursuant to 28 U.S.C. § 2679(d)(1), annexed hereto as Exhibit A.

4.    In accordance with 28 U.S.C. § 1446(a), a copy of the summons and verified complaint are annexed hereto as Exhibit B.

5.    Pursuant to 28 U.S.C. § 1346(b)(1), the United States District Court has original jurisdiction over this action.

6.    Pursuant to 28 U.S.C. §§ 1441 and 1442 this action may be removed to this Court.

7.    Pursuant to 28 U.S.C. § 2408, this action may be removed without a bond.

WHEREFORE, it is respectfully requested that the above-captioned action now pending in the Supreme Court of the State of New York, County of Suffolk, be removed to this Court and that the United States of America be substituted as defendant in place of Herbst.

In accordance with 28 U.S.C. § 1446(d), the filing of a copy of this notice with the Clerk of the Court, Supreme Court of

-3-

the State of New York, County of Suffolk, shall effect the

removal and the State court shall proceed no further unless and

until the case is remanded.

Dated:      Central Islip, New York
            April 13, 2012

                              LORETTA E. LYNCH
                              United States Attorney
                              Eastern District of New York
                              Attorney for Defendant
                              610 Federal Plaza
                              Central Islip, New York 11722


                    By:   _s/ James H. Knapp_____
                          JAMES H. KNAPP
                          Assistant U.S. Attorney
                          (631) 715-7879


To:   Clerk of the Court
      Supreme Court of the State of New York
      County of Suffolk
      235 Griffing Avenue
      Riverhead, New York 11901

      Saul D. Zabell, Esq.
      Zabell & Associates, P.C.
      Attorney for Plaintiff
      4875 Sunrise Highway, Suite 300
      Bohemia, New York 11716

      Joseph J. Ranni, Esq.
      Ranni Law Firm
      Attorney for Defendant
      148 North Main Street
      Florida, New York 10921

Exhibit A

TAM:JHK
F.#2012V00677

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -X

MICHAEL CATANIA,                               **CERTIFICATION**

              Plaintiff,            Civil Action No.
                                               12 CV
      - against -
                                               (            , J.)
NORMA HERBST,                                  (             , M.J.)

           Defendant.

- - - - - - - - - - - - - - -X

NORMA HERBST,

         Third-Party Plaintiff,

      - against -

UNITED STATES POSTAL SERVICE;
PATRICK R. DONAHOE, Postmaster General
and Chief Executive Officer both
individually and in his official capacity;
and John Doe and/or Jane Doe, fictitious
Persons yet to be identified,

        Third-Party Defendants.

- - - - - - - - - - - - - - -X

    By virtue of the authority invested in this Office by the

Attorney General under 28 C.F.R § 15.3, it is hereby certified

that, on the basis of the information now available with respect

to the incident referred to in the above-captioned summons and

verified complaint, Defendant NORMA HERBST was acting within the

scope of her employment as an employee of the United States

-2-

Postal Service.   Therefore, the UNITED STATES OF AMERICA is

hereby substituted as a party Defendant pursuant to 28 U.S.C. §

2679(d)(1) for defendant NORMA HERBST.

Dated:     Central Islip, New York
           April 13, 2012

                                   LORETTA E. LYNCH
                                   United States Attorney
                                   Eastern District of New York
                                   Attorney for Defendant
                                   610 Federal Plaza, 5th Floor
                                   Central Islip, New York 11722


                         By:    s/ James H. Knapp
                                James H. Knapp
                                Assistant U.S. Attorney
                                (631) 715-7879

Exhibit B

01/02/2002  16:34    5169358634                    HERBST                                          PAGE  02

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------------X
MICHAEL CATANIA,                                        Index No.:

                                                        12-03959

                        Plaintiff,                      CERTIFICATION

        - against -

NORMA HERBST,

                        Defendant.
------------------------------------------------------------------X

STATE OF NEW YORK           )
                            )      ss:
COUNTY OF SUFFOLK           )

        SAUL D. ZABELL, ESQ., an attorney duly admitted to practice before the Courts of the
State of New York states the following:

    1.      I am the attorney for the Plaintiff in the above captioned case and submit this
            certification.
    2.      By singing this paper, I certify that, to the best of my knowledge, information and
            belief, formed after an inquiry reasonable under the circumstances, the
            presentation of the Complaint and all the papers therein are not frivolous as
            defined in subsection (c) of section 130-1.1 of the Rules of the Chief Judge.

Dated: Bohemia, New York
       February 7, 2012

                                        _____
                                        SAUL D. ZABELL

Case 2:12-cv-01840-ADS-ARL   Document 1   Filed 04/13/12   Page 9 of 15 PageID #: 9

# VERIFICATION

STATE OF NEW YORK )
)ss
COUNTY OF SUFFOLK )

MICHAEL CATANIA, being duly sworn, states that he is the Plaintiff in this action and that the foregoing Complaint is true to his own knowledge, except as to matters therein stated on the information and belief and as to those matters he believes it to be true; that the grounds of his belief as to all matters not stated upon his knowledge are based upon information and documentation obtained from his employer, the United States Postal Service.

MICHAEL CATANIA

01/02/2002   16:34     5169358634                 HERBST                                    PAGE  09

**WHEREFORE**, Plaintiff demands judgment against Defendant in a sum to be determined at trial for the damage done to Plaintiff's mental, emotional, and physical health and well-being, compensatory damages for injury to Plaintiff's professional reputation, and **TWO MILLION DOLLARS** ($2,000,000.00) in punitive damages, together with interest and costs of this action.

Dated: Bohemia, New York
          February 7, 2012

                              Respectfully submitted,

                              ZABELL & ASSOCIATES, PC
                              Attorneys for Plaintiff

                              By:

                                  Saul D. Zabell, Esq.
                                  4875 Sunrise Highway, Suite 300
                                  Bohemia, NY 11716
                                  (631) 589-7242
                                  (631) 563-7475
                                  szabell@laborlawsny.com

5

16. Additionally, Defendant's false and defamatory statements tend to injure Plaintiff in his business, trade and profession, and therefore, constitute slander *per se*.

17. As Defendant's false and defamatory statements constitute slander *per se*, Plaintiff need not prove special damages.

## V. CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF
(Defamation)

18. Plaintiff repeats and realleges each and every allegation contained herein.

19. Defendant's statements, individually and collectively, referred to herein have caused, are causing, and will cause Plaintiff to suffer injury to his professional standing, to this reputation and good name, and, they have held and will continue to hold Plaintiff up to public scandal and ridicule. The Statements were calculated to, and do, expose Plaintiff to public scorn, hatred and ridicule. By making such statements, Defendant did injure Plaintiff's reputation within his professional circles and in the community at large. The utterance of the statements proximately caused damages to Plaintiff. As a proximate results of Defendant's statements, Plaintiff has suffered and continues to suffer emotional and psychological trauma, all to Plaintiff's damage in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

30. Plaintiff repeats and realleges each and every allegation contained herein.

31. Plaintiff hereby demands a trial by jury.

4

(b)     That she has caught Michael Catania sleeping in the office on several occasions when she arrived at work early;

(c)     That when she arrives at work at 7:00 a.m., all Tour 1 employees scheduled to work until 7:30 are in the swing room watching television and not working;

(d)     That work orders are being fabricated on Tour 1;

(e)     That Michael Catania should not have been allowed to return to work at the Hicksville VMF after a criminal conviction; and

(f)     That Michael Catania's job was protected because he is the cousin of the Hicksville VMF Manager, Michael Ferrandino.

12.     Defendant made the above-referenced false and defamatory remarks despite admittedly having never worked the Tour 1 shift at the Hicksville VMF.

13.     Defendant's lone connection to Tour 1 is her husband's former employment with Tour 1 which concluded approximately two (2) years prior to her false and defamatory statements comprising the subject matter of this action when, upon information and belief, he was arrested in the workplace and charged criminally for stalking after behaving inappropriately toward a mail carrier.

14.     Moreover, Defendant never complained to the current manager, nor did she allege any employees working Tour 2 and/or Tour 3 committed similar infractions. Instead, she circumvented the manager.

15.     Thus, Defendant failed to act reasonably with respect to verifying the truth and veracity of the false and defamatory statements regarding Plaintiff before making them.

3

New York 11801.

6.    Plaintiff was at all times relevant herein, employed as "Supervisor" of "Tour 1" for the Hicksville Vehicle Maintenance Facility (hereinafter "VMF") of the United States Postal Service (hereinafter "USPS") located at 109 Ludy Street, Hicksville, New York 11801.

7.    Upon information and belief, at all times relevant herein, Defendant was employed as a "General Clerk" for "Tour 2" assigned to the Hicksville VMF of the USPS located at 109 Ludy Street, Hicksville, New York 11801.

## IV. BACKGROUND FACTS

8.    On or about September 15, 2011, Defendant formally complained to the upper-level, central management of the United States Postal Service alleging employees were sleeping on the clock at the Hicksville VMF and local management was not addressing the issue.

9.    As a result of Defendant's complaint, an interview with Defendant was scheduled and conducted on September 22, 2011 at 9:00 a.m. at the Hicksville Post Office located at 185 W. John Street. Hicksville, New York 11801 by a USPS investigator.

10.    At the interview's start, Defendant identified Plaintiff by stating "He's a supervisor on Tour 1."

11.    Throughout the course of the interview, Defendant slandered Plaintiff, by both name and reference to his title and responsibilities, by making the following false and defamatory statements:

(a)    That when she has come in to work early, for example at 5:00 a.m., she has observed the Tour 1 Supervisor asleep in the main office;

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

----------------------------------------------------------------X

MICHAEL CATANIA,

              Plaintiff,

-against-

NORMA HERBST,

              Defendant.

----------------------------------------------------------------X

Index No.:

**17-03959**

**VERIFIED COMPLAINT**

Jury Trial D~~emanded~~ **FILED**

FEB 07 2012

Judith A. Pascale
CLERK OF SUFFOLK COUNTY

Plaintiff, **MICHAEL CATANIA**, by and through his attorneys, **ZABELL & ASSOCIATES, PC**, complains and alleges as follows:

## I.   PRELIMINARY STATEMENT

1.    This action arises out of false and defamatory statements made by Defendant Norma Herbst injurious to Plaintiff Michael Catania in his profession.

## II.   JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to C.P.L.R. § 301.

3.    This action lies properly lies in the County of Suffolk, pursuant to C.P.L.R. § 503 because the Plaintiff resides in the County of Suffolk.

## III.   PARTIES

4.    Plaintiff, **MICHAEL CATANIA**, was at all times relevant herein, a domiciliary of the State of New York, residing in Suffolk County.

5.    Upon information and belief, Defendant, **NORMA HERBST**, was at all times relevant herein, a domiciliary of the State of New York, residing at 137 First Street, Hicksville,

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------------X

MICHAEL CATANIA,

                         Plaintiff,

        - against -

NORMA HERBST,


                     Defendant.
-----------------------------------------------------------------------X

**Index No.:**

12-03959

**SUMMONS**

Plaintiff designates
Suffolk County as the place
of trial. Venue is based
Upon Plaintiff's place of
residence **FILED**

FEB 07 2012

Judith A. Pascale
CLERK OF SUFFOLK COUNTY

To the above name Defendant:

          YOU ARE HEREBY SUMMONED to serve upon Plaintiff's attorneys an answer to the complaint in this action within 30 days after the service of this summons. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Bohemia, New York
       February 7, 2012

                         ZABELL & ASSOCIATES, P.C
                         Attorneys for Plaintiff

                         Saul D. Zabell, Esq.
                         4875 Sunrise Highway, Suite 300
                         Bohemia, New York 11716
                         Tel: (631) 589-7242
                         Fax: (631) 563-7475

Defendant:
General Counsel

NOTE: The law or rules of law provides that:
     (a)    If the summons is served by its delivery to you, or (for a corporation) an agent authorized to receive service, personally within the State of New York, you must answer within 20 days after such service;
     (b)    If this summons is served otherwise than as designated in subdivision (a) above, you are allowed 30 days to answer after the proof of service is filed with the Clerk of this Court.
     (c)    You are required to file a copy of your answer together with proof of service with the Clerk of the Court in which the action is brought within ten days of the service of the answer.