**FILED
CLERK**

10/4/2012 3:36 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
MICHAEL CATANIA,

               Plaintiff,

     -against-

NORMA HERBST,

               Defendant.
----------------------------------------------------------X
NORMA HERBST,

               Third-Party Plaintiff,

     -against-

UNITED STATES POSTAL SERVICE,
PATRICK R. DONAHOE, Post Master General
Executive Officer both individually and in his
official capacity, and John Doe and/or Jane Doe.

               Third-Party Defendants.
----------------------------------------------------------X

**ORDER**
12-cv-1840 (ADS)(ARL)

**APPEARANCES:**

**Zabell & Associates, P.C.**
*Attorneys for the Plaintiff*
4875 Sunrise Highway
Suite 300
Bohemia, NY 11716
     By: Saul D. Zabell, Esq., Of Counsel

**Ranni Law Firm**
*Attorneys for the Defendant and Third-Party Plaintiff Norma Herbst*
148 North Main Street
Florida, NY 10921
     By:  Joseph James Ranni, Esq., Of Counsel

**Loretta A. Lynch, United States Attorney
for the Eastern District of New York**
*Attorneys for the United States of America*
610 Federal Plaza
Central Islip, NY 11722
    By: James Halleron Knapp, Assistant United States Attorney

**SPATT, District Judge**.

This case was commenced in the Supreme Court of the State of New York, County of Suffolk, on or about February 7, 2012. The Plaintiff, a supervisory-level United States Postal Service ("USPS") employee, seeks damages arising out of alleged defamatory statements made by the Defendant Norma Herbst, a USPS clerk, to USPS management, concerning the Plaintiff's work habits and the manner in which he supervises his employees.

On April 13, 2012, pursuant to the authority invested in the United States Attorneys' Office by the Attorney General under 28 C.F.R. § 15.3, Assistant United States Attorney James H. Knapp certified that, on the basis of the information available with respect to the defamation, the Defendant Norma Herbst was acting within the scope of her employment as an employee of the USPS. Therefore, the United States of America was substituted as a party Defendant pursuant to 28 U.S.C. § 2679(d)(1), and the action was removed to this federal court.

On May 25, 2012, the Government filed a stipulation to substitute the United States of America as the sole defendant and to dismiss the third-party complaint. The Plaintiff vehemently opposes this substitution. In letters to this Court dated May 30, 2012 and September 7, 2012, the Plaintiff contests that Herbst's defamatory statements arose out of her employment with the USPS. Accordingly, the Plaintiff has requested a conference with this Court to establish a briefing schedule on the issue, as well as to conduct discovery related to the scope-of-employment question.

2

Under the Federal Torts Claims Act ("FTCA"), a plaintiff's exclusive remedy for nonconstitutional torts committed by federal employees in their official capacity is a lawsuit against the United States. See 28 U.S.C. § 2679(b)(1); Castro v. United States, 34 F.3d 106, 110 (2d Cir. 1994) ("a claimant's exclusive remedy for nonconstitutional torts by a government employee acting within the scope of his employment is a suit against the government under the FTCA."); accord Sereika v. Patel, 411 F.Supp.2d 397, 409 (S.D.N.Y. 2006); Dufort v. Burgos, No. 04 Civ. 4940, 2005 WL 2660384, at *4 (E.D.N.Y. Oct. 18, 2005).

When an action is commenced against an individual employee, and not against the United States, "the FTCA provides a mechanism for substituting the United States as a party." Lipkin v. U.S. S.E.C., 468 F. Supp. 2d 614, 622 (S.D.N.Y. 2006). Section 2679 provides: "Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment[,] . . . any civil action . . . shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1).

In this case, the United States Attorney's Office has certified that Herbst was acting within the scope of her federal employment during the events that gave rise to this lawsuit. Thus, the United States contends that, upon certification, all claims pending against Herbst are deemed to be claims against the United States., so that substitution is appropriate. See 28 U.S.C. § 2679(d)(1); see also Osborn v. Haley, 549 U.S. 225, 252, 127 S. Ct. 881, 166 L. Ed. 2d 819 (2007) (noting that upon certification, the action is deemed to be brought against the United States).

However, this certification by the Government is "not the final word". Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 432, 115 S. Ct. 2227, 2235, 132 L. Ed. 2d 375 (1995). The

Supreme Court has found that "the Attorney General's certification that a federal employee was acting within the scope of his employment—a certification the executive official, in cases of the kind at issue, has a compelling interest to grant—does not conclusively establish as correct the substitution of the United States as defendant in place of the employee." Id., 515 U.S. at 434, 115 S. Ct. at 2236. Rather, this determination only conclusively governs for purposes of removing a state court action to federal court.

Thus, certifications are judicially reviewable, but "only if a plaintiff 'allege[s] with particularity facts relevant to the scope-of-employment issue.'" K.R. ex rel. Perez v. Silverman, No. 08 Civ. 2192, 2009 WL 2959580, at *4 (E.D.N.Y. Aug. 13, 2009) (quoting McHugh v. Univ. of Vermont, 966 F.2d 67, 72–74 (2d Cir. 1992), overruled on other grounds by Osborn, 549 U.S. at 247.). The plaintiff "bears[s] the burden of showing that the certification was improper." Lipkin v. U.S. Sec. & Exchange Comm., 468 F. Supp. 2d 614, 623 (S.D.N.Y. 2006).

In conducting a de novo review of a scope-of-employment certification, "the court applies state law principles pertaining to when intentional tortious conduct falls within the scope of a party's employment." Asto v. Mirandona, 372 F. Supp. 2d 702, 706–07 (E.D.N.Y. 2005). The court must view the tortious conduct in the light most favorable to plaintiff, so that "the government may not deny that acts were within the scope of employment by denying that the acts occurred." McHugh, 966 F.2d at 74. However, the court may make its own findings of fact with respect to the "context of the alleged acts that is relevant to the scope of employment issue" and, in so doing, may rely on evidence outside the pleadings and conduct an evidentiary hearing when necessary. Id.

In sum, the Plaintiff now has a right to contest the certification by the Government and should have the opportunity to allege with particularity facts that are relevant to the scope-of-

4

employment question. Therefore, the Plaintiff's request for a conference is granted, and the parties are directed to appear on October 12, 2012, at 10:30am. At that time, the Court will determine whether discovery and/or briefing and a hearing is necessary to decide the issue.

**SO ORDERED.**
Dated: Central Islip, New York
October 4, 2012

                                                  __ */s/ Arthur D. Spatt*_____
                                                      ARTHUR D. SPATT
                                              United States District Judge